UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. **1:16 CR** 136 |
| ) | |
| ) | **BILL OF INDICTMENT** |
| v. ) | |
| ) | Violations: |
| ) | 18 USC § 1956(a)(1)(B)(i) |
| UILFRIDO LOPEZ ) | 18 USC § 1960(a) |
| ) | |

FILED
CHARLOTTE, NC
NOV 15 2016
US DISTRICT COURT
WESTERN DISTRICT OF NC

### THE GRAND JURY CHARGES:

### COUNT ONE

From in or around August of 2015 and continuing until on or about April 15, 2016, in Henderson County, which is within the Western District of North Carolina, and elsewhere,

### UILFRIDO LOPEZ

did knowingly conduct, control, manage, supervise, direct, and own all or part of a money transmitting business that affected interstate and foreign commerce, and otherwise involved the transmission of funds, that were known to the defendant to have been derived from a criminal offense, that is distribution and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §841(a)(1).

In violation of Title 18, United States Code, Section 1960(a).

## COUNT TWO

On or about August 28, 2015, in Henderson County, within the Western District of North Carolina, and elsewhere,

### UILFRIDO LOPEZ

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a bulk money transfer, which involved the proceeds of a specified unlawful activity, that is feloniously importing, selling, receiving, concealing, buying, and otherwise dealing in a controlled substance punishable under any law of the United States, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of illegal activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT THREE

On or about April 15, 2016, in Henderson County, within the Western District of North Carolina, and elsewhere,

### UILFRIDO LOPEZ

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a bulk money transfer, which involved the proceeds of a specified unlawful activity, that is feloniously importing, selling, receiving, concealing, buying, and otherwise dealing in a controlled substance punishable under any law of the United States, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of illegal activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property involved in the violations set forth in this bill of indictment or traceable to property involved in such violations; and

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

a. $70,000 in United States currency seized from a parcel sent from Saluda, North Carolina to **UILFRIDO LOPEZ'** residence in Maywood, California and seized on August 28, 2015 during the course of the investigation;

b. $40,000 in United States currency seized from a parcel sent from Saluda, North Carolina to **UILFRIDO LOPEZ'** residence in Maywood, California and seized on August 28, 2015 during the course of the investigation;

c. $43,000 in United States currency seized from **UILFRIDO LOPEZ'** residence in Maywood, California on August 28, 2015 during the course of the investigation; and

d. $62,860 in United States currency seized from **UILFRIDO LOPEZ'** luggage at the Charlotte-Douglas International Airport on April 15, 2016 during the course of the investigation.

A TRUE BILL:

FOREPERSON

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

THOMAS M. KENT
ASSISTANT UNITED STATES ATTORNEY

4